ALEJANDRO JIMÉNEZ AROCHO, Petitioner and Appellant, *v.* MUNICIPALITY OF MOCA, Oppositor and Appellee.

No. 9924. Argued June 2, 1949.—Decided November 17, 1949.

*Héctor Reichard* for appellant. *Luis Alfredo Colón* for àppellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is a dominion title proceeding instituted by Alejandro Jiménez Arocho in the District Court of Aguadilla in order to establish his right of ownership over an urban property located in the town of Moca, with an area of 48.965 square meters, and a frame house.

In the petition it is alleged that petitioner and his predecessors have been in possession of said property as owners for over thirty years, the petitioner having acquired it by purchase from its previous owners on August 24, 1945, according to deed number 137 executed before Notary José Veray, Jr.

The Municipality of Moca appeared and objected to the proceeding sought, alleging that the lot in question belonged to it and that it was recorded in the Registry of Property; that it formed part of a property owned by the Municipality of Moca, recorded on October 26, 1915, said property having been acquired by gift from doña Cándida Vives in 1841. It also alleged that according to a map drawn by the Department of the Interior, pursuant to the authority conferred on

it by Act No. 22 of April 12, 1945, for the demarcation of the territorial jurisdiction of the town of Moca, said lot appears among the properties of the municipality.

The lower court, after holding trial, denied the dominion title proceeding sought, on the ground that since the municipalities are created by the state, the doctrine followed in this jurisdiction to the effect that acquisition by prescription cannot be pleaded against The People of Puerto Rico, is applicable to them by analogy, and that, in any event, Act No. 22 of 1945 interrupted said prescription.

■■ In *The People* v. *Dimas et al.*, 18 P.R.R. 1019, we held that from 1898 acquisition by prescription cannot be pleaded against The People of Puerto Rico unless the same became effective prior to that date. To the same effect, see *The People* v. *Mun. of San Juan*, 19 P.R.R. 625, and *Miranda* v. *Mun. of Aguadilla*, 39 P.R.R. 422. However, in the latter case, this time precisely in a case of contested dominion title proceeding wherein the Municipality of Aguadilla claimed as its own a lot which the Legislature had authorized the Commissioner of the Interior to convey to the Municipality, we held that:

". . . In the absence of anything to show that the land in controversy belonged to the crown of Spain at the time of the change of sovereignty, the question as to whether or not a title by prescription can be set up against The People of Porto Rico does not arise.

"Petitioner established a prima facie case of ownership by adverse possession extending over a period of more than thirty years, and by like possession in good faith and under just title for the greater part of that time. His title by prescription under section 1858 of the Civil Code had been perfected before the municipality acquired any interest whatever in the larger parcel now claimed by it. The Act of the Legislature, authorizing the Commissioner of the Interior to convey a parcel of land not shown to be the property of The People of Puerto Rico at the time of such authorization, neither interrupted the running of the unexpired statutory period nor divested petitioner of his title already acquired."

In *The Capital of P. R.* v. *Casino Español*, 56 P.R.R. 758, we also decided the question as to a personal property, for that case involved an oil painting owned by the Municipality of San Juan and which ever since 1866 was recorded in an inventory as belonging to it. In 1898 the painting in question was donated by the then Mayor of San Juan to a private individual who then donated it in 1913 to the Casino Español. The Capital of Puerto Rico, as the successor of the Municipality of San Juan, sought to recover the painting. The Casino Español raised the defense of acquisitive prescription, and The Capital of Puerto Rico alleged that prescription did not run as against it.

After citing the doctrine established in *The People* v. *Dimas, supra,* we held that it was applicable with reference to The People of Puerto Rico, a sovereign entity, but not with reference to municipalities. Then upon considering as respects property held for public use or as respects common property, that is, property privately owned by the municipalities, the conclusion was reached that the latter are governed by the provisions of the Civil Code, which include those relative to prescription. It was also decided that as to the property owned by municipalities prescription runs as against them and that since the painting involved in the suit was not among the things specified in the law as of public domain, nor similar thereto, prescription was applicable to the municipality. See §§ 255, 256, and 257 of the Civil Code, 1930 ed.

There is no question here as to the fact that the lot object of the dominion title proceeding was a property privately owned by the municipality and it being so, prescription runs as against it under the doctrine previously set forth. The lower court erred in not so holding.

The second question involved is whether Act No. 22 of 1945, *supra,* interrupted the prescriptive term granted by § 1859 of the Civil Code, 1930 ed., to the effect that owner-

ship and other property rights in real property prescribe by uninterrupted possession of the same for thirty years, without the necessity of title nor of good faith and without distinction between present and absent persons.

The lower court believed that if acquisitive prescription were applied as against the Municipality of Moca, said prescription had been interrupted by Act No. 22 of 1945, *supra*. Said Act is confined to appropriating the sum of two thousand dollars to be used by the Division of Public Lands and Archives of the Department of the Interior to carry out "the demarcation of the jurisdictional zone of the town of Moca, and to do all the indispensable work for the recovery" to said municipality "of all lands belonging to it and which are being held illegally by private persons or entities."

We find nothing in the Act which may serve to interrupt the term for the acquisitive prescription granted by our Civil Code. The Legislature could, but did not, do so.

 The evidence showed that an engineer of the Department of the Interior performed the demarcation authorized, after first summoning the adjacent landowners, except the petitioner—although he knew of it—and that, according to the map he drew up on December 28, 1945, the lot involved in this suit was found among the lands of the Municipality. Nothing further was done either by the Commissioner of the Interior or the Municipality of Moca. At the time the map was drawn, the thirty-year period of possession by the petitioner and his predecessors had elapsed.

The Sections of our Civil Code dealing with the interruption of prescription of the ownership are the following: 1844, which provides that "Possession is interrupted naturally, when, for any cause whatsoever, it ceases for more than one year," 1845, which provides that "Civil interruption is caused by a judicial citation of the possessor, even should it be by order of a court or of a judge without jurisdiction," and 1848, which provides that "Any express or implied ac-

knowledgment which the possessor may make with regard to the right of the owner also interrupts possession." The interruption referred to in §§ 1844 and 1845 does not exist here. Did the fact that appellant was present when the demarcation by the Department of the Interior took place constitute an express or implied acknowledgment of the right of the Municipality of Moca? The question should be answered in the negative.

In *La O* v. *Rodríguez*, 28 P.R.R. 593, 595, we decided that:

"We also feel inclined to agree that said survey was made without any open or decided opposition on the part of the plaintiff.

"What has not been proved is that the plaintiff agreed to grant to the defendant the parcel of land held by her up to that time and then included within the land surveyed. That consent was not a necessary result of the acquiescence in the survey, although perhaps the defendant may think it was. As held by the Supreme Court of Spain in its judgment of July 3, 1884, a survey does not give or take away any rights, but leaves intact the questions of possession and ownership and only serves for the purpose for which it was intended, that is, to define and fix the boundaries of the properties, to avoid the confusion or disappearance of the ancient landmarks and to prevent suits which might arise from such confusion. 6 Manresa, Law of Civil Procedure, Third Edition, page 515."

To the same effect, see *Marrero* v. *Mas*, 48 P.R.R. 512. And Manresa, in his *Comentarios al Código Civil Español*, § 1948, equivalent to § 1848 of our Code, says:

"The same Supreme Court, in numerous decisions prior to publication of the Code, but which are applicable even after it became effective, has also established the doctrine that the demarcation and survey of a real property, performed for the single purpose of fixing its boundaries, does not interrupt the possession carried out with the purpose of prescribing; and it is within reason that said Court should have so held, inasmuch as in that act there is no acknowledgment whatever on the part of the possessor in favor of the owner against whom or in

whose prejudice the prescription is used. On the contrary, said interruption shall exist if by virtue of the demarcation performed the thing intended to be prescribed is claimed judicially. . . ." XII Op. cit., Fourth Edition, pp. 724–5.

In the case at bar, after the demarcation took place, the Commissioner of the Interior did nothing to claim judicially for the Municipality of Moca the lot in possession of the petitioner, prior to the expiration of the term for the acquisition by prescription in favor of the petitioner. And although pursuant to § 1863 of the Civil Code real actions with regard to real property do not prescribe until after thirty years have elapsed, the same Section provides that "This provision is understood without prejudice to the prescriptions relating to the acquisition of ownership or of property rights by prescription."

The evidence in this case showed that petitioner and his predecessors have been in possession as owners of the lot for well over thirty years. The fact that it was not shown that they had paid property taxes, does not mean, by itself, that they were mere "occupants," as the lower court held.

The judgment should be reversed and another entered granting the petition, and the Municipality having been defeated at trial, the conflicting record in favor of the Municipality of Moca in the Registry of Property should be cancelled—Alcázar v. District Court, 67 P.R.R. 680—with respect to the lot described in the petition, without costs.